UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERIC DEVAL LEWIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-0588** |
| **ROBERT TANNER, WARDEN**<br>**RAYBURN CORRECTIONAL CENTER** | **SECTION "F"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* **28 U.S.C. § 2254(e)(2) (2006)**.[1]

### I.     Factual and Procedural Background

The petitioner, Eric Deval Lewis ("Lewis"), is a convicted inmate incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana.[2] On March 20, 2008, Lewis was charged by Bill of Information in Orleans Parish with one count of first degree robbery and one count of armed robbery.[3] Lewis pleaded guilty to the charges on March 26, 2008.[4]

The record reflects that, on December 23, 2007, at around 1:00 a.m., Ashley Carswell was working at Cosmos Bar at 1201 Burgundy in the French Quarter when a man walked in and handed

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. Nos. 1.

[3] St. Rec. Vol. 1 of 6, Bill of Information, 3/20/08.

[4] St. Rec. Vol. 1 of 6, Minute Entry, 3/26/08.

her a note.[5] The note indicated that the man had a gun and wanted her to put money in his bag. Although she did not see a gun, he pulled out a plastic bag. She took money from the register and gave it to the man.

On January 6, 2008, around 7:35 a.m., Lucas Abramson reported to the New Orleans Police that he was robbed while working at Good Friends Bar located at 740 Dauphine Street in New Orleans.[6] That morning, a man, later identified as Lewis, walked in and put a note on the bar. The note indicated that Lewis had a gun in a bag and requested that money be placed in the bag or he would "blow" Abramson away. Abramson verbally responded to the request by asking Lewis if he was serious. Lewis responded by raising the gun out of the bag. Abramson headed to the cash register, but Lewis told him to "put your hands up." Abramson took the ten and twenty dollar bills from the register and gave them to Lewis who then bolted out of the door. The robbery was witnesses by Kirk Toups.

Toups told detectives during the investigation that, on the morning of the robbery, the bartender sent him out to get coffee. When he returned with the coffee, Toups saw Abramson hand over the money from the bar's cash register to a man that appeared to be holding a weapon. Toups saw the man run away and was not able to provide the police with a positive identification.

The police officers seized a surveillance video of the armed robbery and recovered the note left by the perpetrator. Abramson later positively identified Lewis from a photographic lineup.

---

[5]Because Lewis was found not guilty on count 1, the first degree robbery of Ashley Carswell, the state courts did not memorialize factual findings related to that charge. These facts are taken from the testimony at trial. St. Rec. Vol. 4 of 6, Trial Transcript, 10/13/09.

[6]The facts related to count 2, armed robbery of Lucas Abramson, are taken from the published opinion of the Louisiana Fourth Circuit Court of Appeal on direct appeal. *State v. Lewis*, 95 So.3d 533, 534-536 (La. App. 4th Cir. 2012); St. Rec. Vol. 4 of 6, 4th Cir. Opinion, 2011-KA-0999, pp. 2-4, 5/23/12. Because Lewis was found not guilty on the first count of first degree robbery of Ashley Carswell, the state courts did not memorialize factual findings related to that charge.

Lewis was tried before a jury on October 7 and 13, 2009, and found not guilty of the first degree robbery of Carswell and found guilty on the lesser charge of first degree robbery of Abramson.[7] At a February 12, 2010, hearing, the Trial Court denied Lewis's motions for a new trial.[8] After waiver of legal delays, the Court sentenced Lewis to 40 years in prison.[9]

Lewis was granted leave to file an out of time appeal, and his appointed counsel asserted that the evidence was insufficient to support the verdict of first degree robbery where there was probability of misidentification.[10] On May 23, 2012, the Louisiana Fourth Circuit affirmed Lewis's conviction and sentence finding no merit in the claim.[11]

The Louisiana Supreme Court denied Lewis's subsequent writ application without stated reasons on November 30, 2012.[12] Lewis's conviction and sentence were final 90 days later, on February 28, 2013, because he did not file for review with the United States Supreme Court. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for *certiorari* with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. S. Ct. Rule 13(1).

Almost 20 months later, on October 6, 2014, Lewis signed and submitted to the state trial court an application for post-conviction relief and supporting memorandum asserting generally

---

[7]St. Rec. Vol. 1 of 6, Trial Minutes, 10/7/09; Trial Minutes, 10/13/09; St. Rec. Vol. 3 of 6, Jury Verdict (Count 1), 10/13/09; Jury Verdict (Count 2), 10/13/09; Trial Transcript, 10/7/09; St. Rec. Vol. 4 of 6, Trial Transcript, 10/13/09.

[8]St. Rec. Vol. 2 of 6, Motion for New Trial, 2/12/10; St. Rec. Vol. 1 of 6, Sentencing Minutes, 2/12/10; St. Rec. Vol. 4 of 6, Sentencing Transcript, p.2, 2/12/10.

[9]St. Rec. Vol. 1 of 6, Sentencing Minutes, 2/12/10; St. Rec. Vol. 4 of 6, Sentencing Transcript, 2/12/10.

[10]St. Rec. Vol. 1 of 6, Minute Entry, 3/1/11; St. Rec. Vol. 4 of 6, Appeal Brief, 2011-KA-0999, 9/22/11.

[11]*Lewis*, 95 So.3d at 534-536; St. Rec. Vol. 4 of 6, 4th Cir. Opinion, 2011-KA-0999, 5/23/12.

[12]*State v. Lewis*, 103 So.3d 364 (La. 2012); St. Rec. Vol. 6 of 6, La. S. Ct. Order, 2012-KO-1326, 11/30/12; La. S. Ct. Writ Application, 12-KO-1326, 6/12/12; St. Rec. Vol. 4 of 6, La. S. Ct. Letter, 2012-KO-1326, 6/13/12.

that he was denied effective assistance of counsel during pretrial, trial, and on appeal.[13] On October 20, 2014, the state trial court denied the application on the showing made.[14] Lewis submitted a motion to reconsider that ruling on November 11, 2014.[15]

On April 22, 2015, Lewis submitted a writ application to the Louisiana Fourth Circuit seeking a ruling on his motion to reconsider, which was granted for the sole purpose of forwarding it to the state trial court for ruling on that motion.[16] The Court denied Lewis's motion to reconsider on May 21, 2015.[17]

On August 4, 2015, the Louisiana Fourth Circuit denied Lewis's subsequent writ application finding that he failed to demonstrate that he received ineffective assistance of counsel.[18] On September 16, 2016, the Louisiana Supreme Court denied Lewis's related writ application because he failed to show ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984).[19]

In the meantime, on September 29, 2015, Lewis submitted to the state trial court a motion for review and correction of his sentence.[20] The state trial court denied the motion on November

---

[13]St. Rec. Vol. 2 of 6, Application for Post-Conviction Relief, 10/7/14 (supporting memorandum dated 10/6/14).

[14]St. Rec. Vol. 2 of 6, Trial Court Order, 10/20/14.

[15]St. Rec. Vol. 2 of 6, Motion to Reconsider, dated 11/11/14.

[16]St. Rec. Vol. 5 of 6, 4th Cir. Order, 2015-K-0464, 5/15/15; 4th Cir. Writ Application, 2015-K-0464, 5/4/15 (dated 4/22/15).

[17]St. Rec. Vol. 2 of 6, Trial Court Order, 5/21/15.

[18]St. Rec. Vol. 5 of 6, 4th Cir. Order, 2015-K-0790, 8/4/15; 4th Cir. Writ Application, 2015-K-0790, 7/27/15 (dated 7/10/15).

[19]*State ex rel. Lewis v. State*, 201 So.3d 242 (La. 2016); St. Rec. Vol. 6 of 6, La. S. Ct. Order, 2015-KH-1558, 9/16/16; La. S. Ct. Writ Application, 15-KH-1558, 8/17/15 (dated 8/13/15); St. Rec. Vol. 2 of 6, La. S. Ct. Letter, 2015-KH-1558, 8/18/15.

[20]St. Rec. Vol. 2 of 6, Motion for Review and Correction of Illegal Sentence, 9/30/15 (dated 9/29/15).

17, 2015.[21]  The Louisiana Fourth Circuit denied Lewis's related writ application on January 22, 2016, finding no error in the state trial court's ruling.[22]  On August 4, 2017, the Louisiana Supreme denied Lewis's subsequent writ application construing the motion to correct as an untimely filed application for post-conviction relief, citing La. Code Crim. P. art. 930.8, *State ex rel. Glover v. State*, 660 So.2d 1189 (La. 1995), and *State v. Parker*, 711 So.2d 694 (La. 1998).[23]

While those matters were pending, on November 15, 2016, Lewis signed and submitted a motion to the state trial court seeking "annulment for vices of form" addressing the bill of information and jury verdict forms.[24]  On February 20, 2017, Lewis submitted a writ application to the Louisiana Fourth Circuit seeking a ruling on his motion, which was granted.[25]  The Trial Court denied Lewis's motion on March 21, 2017, noting that Lewis had exhausted all available collateral review.[26]  The Louisiana Fourth Circuit denied Lewis's subsequent request for review on May 2, 2017.[27]  On May 25, 2017, the Louisiana Fourth Circuit also denied Lewis's second writ application seeking review of this same ruling.[28]  Lewis did not seek further review.

---

[21]St. Rec. Vol. 5 of 6, Trial Court Order, 11/17/15.

[22]St. Rec. Vol. 5 of 6, 4th Cir. Order, 2015-K-1342, 1/22/16; 4th Cir. Writ Application, 2015-K-1342, 12/15/15 (dated 11/30/15).

[23]*State ex rel. Lewis v. State*, 224 So.3d 353 (La. 2017); St. Rec. Vol. 6 of 6, La. S. Ct. Order, 2016-KH-0347, 8/4/17; La. S. Ct. Writ Application, 16-KH-347, 2/25/16 (dated 2/18/16); St. Rec. Vol. 1 of 6, La. S. Ct. Letter, 2016-KH-347, 2/25/16.

[24]St. Rec. Vol. 1 of 6, Motion of Annulment for Vices of Form, 11/17/16 (dated 11/15/16).

[25]St. Rec. Vol. 5 of 6, 4th Cir. Order, 2017-K-0168, 3/3/17; 4th Cir. Writ Application, 2017-K-0168, 2/23/17 (dated 2/20/17).

[26]St. Rec. Vol. 5 of 6, Trial Court Order, 3/21/17.

[27]St. Rec. Vol. 5 of 6, 4th Cir. Order, 2017-K-0168, 5/2/17.

[28]St. Rec. Vol. 5 of 6, 4th Cir. Order, 2017-K-0420, 5/25/17; 4th Cir. Writ Application, 2017-K-0420, 5/17/17 (dated 5/7/17).

In the meantime, Lewis returned to the state trial court on March 12, 2017 with a second application for post-conviction relief asserting the following claims:[29] (1) he was denied effective assistance of trial and appellate counsel; (2) the state trial court exceeded its jurisdiction because the bill of information was invalid; and (3) the statute under which he was convicted was unconstitutionally applied when the state trial court advised the jury of responsive verdicts not appearing in La. Code Crim. P. art. 814.  The state trial court denied the repetitive application and related motions on June 7, 2017.[30]

The Louisiana Fourth Circuit denied Lewis's related writ application on August 9, 2017, finding no error in the state trial court's ruling.[31]  On November 14, 2018, the Louisiana Supreme denied Lewis's subsequent writ application noting that he had exhausted his right to state collateral review.[32]

## II.   **Federal Petition**

On January 25, 2019, the clerk of this Court filed Lewis's federal petition for habeas corpus relief in which he asserted two grounds for relief:[33] (1) he received ineffective assistance of pretrial, trial, and direct appeal counsel; (2) the state trial court exceeded its jurisdiction when an invalid bill of information was filed against him; and (3) the statutory offense for which he was convicted

---

[29]St. Rec. Vol. 1 of 6, Application for Post-Conviction Relief, 3/14/17 (dated 3/12/17); *see also*, Memorandum on Timeliness Exceptions, 3/14/17; Motion to Appoint Counsel, 5/24/17 (dated 5/16/17); Motion for Evidentiary Hearing, 11/12/17 (dated 11/10/17).

[30]St. Rec. Vol. 5 of 6, Trial Court Order, 6/7/17; St. Rec. Vol. 1 of 6, Motion to Appoint Counsel, 5/24/17 (dated 5/16/17); Motion for Evidentiary Hearing, 1/12/17 (dated 1/10/17).

[31]St. Rec. Vol. 5 of 6, 4th Cir. Order, 2017-K-0650, 8/9/17; 4th Cir. Writ Application, 2017-K-0650, 8/4/17 (dated 8/1/17).

[32]*State ex rel. Lewis v. State*, 256 So.3d 280 (La. 2018); St. Rec. Vol. 6 of 6, La. S. Ct. Order, 2017-KH-1583, 11/14/18; La. S. Ct. Writ Application, 17-KH-1583, 9/21/17 (dated 9/9/17); St. Rec. Vol. 1 of 6, La. S. Ct. Letter, 2017-KH-1583, 9/25/17.

[33]Rec. Doc. No. 1.

was unconstitutionally applied when the state trial court advised the jury about a responsive verdict not listed in La. Code Crim. P. art. 814. He also argues that his petition should be considered timely, because of his ineffective assistance of counsel claims have not been considered in accordance with *Martinez v. Ryan*, 566 U.S. 1 (2012), and its progeny, including *Trevino v. Thaler*, 569 U.S. 413 (2013).

The State filed a response in opposition asserting that Lewis's petition was not timely filed, and his claims are not properly exhausted and therefore in procedural default.[34] Lewis filed a reply to the State's opposition which, when broadly construed, argues that *Martinez* and its progeny provide an excuse to the time limitations under La. Code Crim. P. art. 930.8 for considering his ineffective assistance of counsel claims.[35]

## III. General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[36] applies to Lewis's petition, which is deemed filed in this Court under the mailbox rule on January 2, 2019.[37] The threshold questions on habeas review under the amended

---

[34]Rec. Doc. No. 8.

[35]Rec. Doc. No. 11.

[36]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes are effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[37]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se*. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Lewis's petition on January 25, 2019, when it was received. Lewis's signature on the form petition is dated January 2, 2019 (as is the prison's censor stamp and the postal meter). This is the earliest date appearing in the record on which Lewis could have given it to prison officials for mailing to a court.

7

statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State asserts that Lewis's federal petition was not timely filed under the AEDPA and that no exception applies to excuse the untimeliness. For the following reasons, Lewis's federal habeas petition was not timely filed and must be dismissed with prejudice for that reason.

## IV.    Statute of Limitations

The AEDPA, codified at 28 U.S.C. § 2244(d)(1)(A), generally requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final unless some alternative trigger restarts that time.[38] *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001). Broadly construed, Lewis argues that he meets an alternative trigger under § 2244(d)(1)(C), asserting that the Supreme Court's holdings in *Martinez* and *Trevino* established a new constitutional basis for his ineffective assistance of counsel claims to be considered on the merits. However, it is well settled that these cases do not constitute new rules of constitutional law made retroactive on collateral review that

---

[38]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
    A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
    C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

would start a new one-year filing period under the AEDPA.  *See In re Paredes*, 587 F. App'x 805, 813 (5th Cir. 2014) (". . . the Supreme Court has not made either *Martinez* or *Trevino* retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012).  Lewis's claim to the contrary is meritless and must be rejected.  No other alternative trigger to the one-year AEDPA filing period is evident from the record.  Thus, the Court will consider the limitations period to have been triggered by finality of Lewis's conviction.

As stated previously, Lewis's conviction was final under federal law on February 28, 2013, which was 90 days after the Louisiana Supreme Court denied his post-appeal writ application.  Pursuant to § 2244, Lewis had one year from that date, or until February 28, 2014, to timely file a federal application for habeas corpus relief which he did not do.  Thus, literal application of the statute would bar Lewis's petition as of that date unless he is entitled to tolling as provided for under the AEDPA.

### A.   Statutory Tolling

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  *See* 28 U.S.C. § 2244(d)(2).  In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing.  *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999).  For purposes of the AEDPA, a timeliness calculation in

Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006). The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999)) (finding that a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (finding that a state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. at 214 (finding that a motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

In Lewis's case, the AEDPA filing period began to run on March 1, 2013, the day after his conviction and sentence were final under federal law. The one-year AEDPA filing period continued to run uninterrupted from that date for one year, until February 28, 2014, when it expired. Lewis had no properly filed state post-conviction or other collateral review pending in

any court during that period.  His next such filing was made on October 6, 2014, which was over six months after the deadline expired, when he submitted his first state court application for post-conviction relief.  This filing made after the expiration of the AEDPA one-year filing period does not renew or extend the AEDPA filing period or provide a petitioner any tolling benefits.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Higginbotham v. King*, 592 F. App'x 313, 314 (5th Cir. 2015).

Lewis's various requests for document copies made before or during that time period do not change the running of the limitations period.  Requests for document and transcript copies are not other collateral review for purposes of the tolling calculation.  *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523, at *1 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); *Brown v. Cain*, 112 F. Supp.2d 585, 587 (E.D. La.2000), *aff'd*, 239 F.3d 365 (5th Cir.2000); *Gerrets v. Futrell*, No. 01-3080, 2002 WL 63541, at *1 (E.D. La. Jan. 16, 2002) (Vance, J.); *Jones v. Johnson*, No. 01-0115G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (stating that the petitioner should file application and then continue to gather transcripts); *Grayson v. Grayson*, 185 F. Supp.2d 747, 751-52 (E.D. Mich. 2002) (finding delay in receipt of transcript not required to file the application, does not warrant equitable tolling).  Under federal habeas law, Lewis's efforts to obtain such copies do not provide him with any statutory tolling benefit.

For these reasons, Lewis's federal petition deemed filed under the mailbox rule on January 2, 2019, was filed almost five years after the AEDPA filing period expired on February 28, 2014.  Lewis's federal petition was not timely filed and should be dismissed with prejudice for that reason.

### B.     No Equitable Tolling

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus.  *Pace*, 544 U.S. at 419; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).  Lewis has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling to the § 2244(d) calculation.

Equitable tolling is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some extraordinary circumstance outside of his control from asserting his rights. *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002); *see Holland v. Florida*, 560 U.S. 631, 652-53 (2010) (finding that equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (finding that equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding that tolling was warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quotation omitted) ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher*, 174 F.3d at 715 (finding that tolling

is not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (finding that State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended the deadline to file habeas corpus petition beyond expiration of AEDPA grace period). Lewis has made no such showing in this case and he is not entitled to equitable tolling of the one-year AEDPA limitations period.

### C. No Other Excuse Established

Lewis has asserted no other excuse to avoid the expiration of the limitations period in this case, despite his reliance on the *Martinez* doctrine as an excuse to overcome the state limitations period under La. Code Crim. P. art. 930.8.[39] The United States Supreme Court's holdings in *Martinez*, 566 U.S. at 1 and *Trevino*, 569 U.S. at 413, and their progeny, do not provide a basis for review of Lewis's untimely filed federal petition or his ineffective assistance of trial counsel claims.

In *Martinez*, the Court held that a state court imposed "'procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the

---

[39]The Supreme Court has recognized that a credible showing of actual innocence may act as a gateway to overcome a procedurally defaulted or untimely filed federal habeas corpus claim. *McQuiggin v. Perkins*, 569 U.S. 383 (2013). To establish actual innocence, a petitioner "must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt" in light of that new evidence of his factual innocence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). However, Lewis has not asserted his actual, factual innocence of the crime. Lewis has brought no new, reliable evidence to meet the high burden set forth in *McQuiggin*, which requires proof of "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *House v. Bell*, 547 U.S. 518, 537 (2006) (quoting *Schlup*, 513 U.S. at 324. No such claim or level of proof has been offered by Lewis to this Court, nor has any such claim been presented to the state courts.

13

[State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" *Trevino*, 569 U.S. at 417 (quoting *Martinez*, 566 U.S. at 17) (emphasis added). As an initial matter, the Louisiana courts did not procedurally bar review of Lewis's state post-conviction ineffective assistance of counsel claims. Instead, the state courts denied post-conviction relief on review of the merits of those claims under the *Strickland* standards. There was no bar to review imposed by the state courts on its initial review of those claims to fall within the parameters of *Martinez* and its progeny.

Instead, the bar to review of Lewis's federal claims arises from his failure to meet the federal limitations deadline under the AEDPA. The *Martinez* and *Trevino* decisions do not address or provide an excuse for the untimely filing of a federal habeas petition. *See Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); *Smith v. Rogers*, No. 14-0482, 2014 WL 2972884, at * 1 (W.D. La. Jul. 2, 2014); *Falls v. Cain*, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun. 13, 2014) (Order adopting Report). As already discussed, these cases also do not constitute new rules of constitutional law made retroactive on collateral review to start a new one-year filing period under the AEDPA. *See In re Paredes*, 587 F. App'x at 813; *Adams*, 679 F.3d at 322 n.6. Thus, neither *Martinez* nor *Trevino* provide Lewis relief from the untimeliness of his federal petition.

Lewis's federal petition deemed filed on January 2, 2019, was not timely filed within the AEDPA one-year statute of limitations period. There is no excuse for Lewis's untimeliness, and the petition should be dismissed with prejudice as time-barred.

14

## V. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Eric Deval Lewis's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[40]

New Orleans, Louisiana, this 16th day of July, 2019.

_____
KAREN WELLS ROBY
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[40]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.